UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-00098-FL-1
No. 7:15-CV-00232-FL

| | |
|---|---|
| **Leander Sherrod Hands**, Petitioner, v. **United States of America**, Respondent. | **Memorandum & Recommendation** |

Petitioner Leander Sherrod Hands, proceeding under 28 U.S.C. § 2255, seeks to vacate the 300-month sentence of imprisonment imposed in connection with his guilty plea to one count of conspiracy to possess with intent to distribute and distribute a quantity of heroin; one count of possession with intent to distribute a quantity of heroin and a quantity of cocaine base (crack), and aiding and abetting; and one count of possession of firearms in furtherance of a drug trafficking offense. ("Motion to Vacate"). Hands argues four grounds for relief: (1) the Assistant United States Attorney ("AUSA") committed prosecutorial misconduct by allowing the case agent to withhold information from the grand jury; (2) his prosecution should be "barred for [a] violation of due process" because the government failed to disclose to him relevant information about his case and threatened him with a life sentence; (3) the cumulative effect of his previous two claims violate "fundamental fairness" and "shock[s] the universal sense of justice;" and (4) his counsel was ineffective for engaging in stipulations with the Government without Hands's knowledge or consent, and for failing to object to the indictment, the prosecutorial misconduct, and the Government's misconduct. The Government argues that Hands's motion should be dismissed for failure to state a claim.

After reviewing the docket and the arguments of the parties, it appears that Hands is not entitled to the relief he seeks because he procedurally defaulted on his claims of prosecutorial misconduct and fails to establish that he was prejudiced by his attorney's actions. Therefore, the undersigned recommends[1] that that the court deny Hands's Motion to Vacate (D.E. 177) and grant the Government's Motion to Dismiss (D.E. 183).

**I.  Background**

In August 2011, a grand jury charged Hands in a five-count indictment. D.E. 1. Hands filed a motion to suppress evidence seized as a result of a stop of his vehicle (D.E. 56), but the court denied his motion (D.E. 104, 125). In January 2013, Hands entered into a conditional guilty plea, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute and distribute a quantity of heroin; one count of possession with intent to distribute a quantity of heroin and a quantity of cocaine base (crack), and aiding and abetting; and one count of possession of firearms in furtherance of a drug trafficking offense. Hands waived most of his appellate rights in the plea agreement, but preserved his right to appeal the order denying his motion to suppress. D.E. 139 at ¶¶ 2.c, 3.a.

As a result of his conditional guilty plea, the court entered a judgment on April 5, 2013, requiring him to serve a 300-month prison sentence. D.E. 155. Hands unsuccessfully appealed the court's suppression order to the Fourth Circuit Court of Appeals (D.E. 170) and the Supreme Court denied his petition for a writ of certiorari in an order dated October 14, 2014. *Hands v. United States*, 135 S. Ct. 385 (Mem) (2014). On October 14, 2015, Hands signed his Motion to Vacate and the Government responded by filing a Motion to Dismiss.

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

## II. Analysis

### A. Legal Standard

In order to prevail on his Motion to Vacate, Hands must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the Court was without jurisdiction to impose such sentence, or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion. 28 U.S.C. § 2255(b). However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g.*, *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a Section 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to Section 2255 motions. Rules Governing § 2255 Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

In order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider

3

documents that are part of the public record, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a Section 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Ashcroft*, 556 U.S. at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

### B. Prosecutorial Misconduct

Hands argues that his sentence should be vacated due to three alleged instances of prosecutorial misconduct. He alleges that (1) the AUSA acted improperly by allowing the case agent to withhold information from the grand jury (D.E. 177 at 4); (2) the Government withheld various relevant evidence from him (*id.* at 5); and (3) the Government threatened him with a life sentence if he went to trial (*id.*).[2] He asserts that these alleged acts of misconduct violate "fundamental fairness" and "shock[] the universal sense of justice."[3] *Id.* at 6. The Government contends that Hands's Motion to Vacate should be dismissed because it fails to state a claim for

---

[2] Hands's first argument is labeled "Ground One" and his second and third arguments are labeled "Ground Two" in his Motion to Vacate. D.E. 177 at 4–5.

[3] This assertion is labeled "Ground Three" in Hands's Motion to Vacate. D.E. 177 at 6–7.

4

which relief may be granted. D.E. 184 at 3. After review, the court determines that Hands procedurally defaulted on these claims.

A defendant procedurally defaults on a claim by failing to raise it on direct review. *Bousley v. United States*, 523 U.S. 614, 622 (1998). A defendant may raise a procedurally defaulted claim in habeas only if he "can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'" *Id.* (citations omitted). Cause for a procedural default "turn[s] on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). In order to establish cause for procedural default based upon ineffective assistance of counsel, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he experienced prejudice as a result. *Id.* A defendant demonstrates actual innocence by showing "factual innocence, not mere legal insufficiency," *Bousley*, 523 U.S. at 623, by clear and convincing evidence, *Mikalajunas*, 186 F.3d at 493.

Hands's plea agreement waived some of his appellate rights but preserved his right to appeal "prosecutorial misconduct not known to [him] at the time of [his] guilty plea." D.E. 139 at ¶ 2.c. Hands failed to assert his prosecutorial misconduct claims in his direct appeal and therefore procedurally defaulted on these claims. The court cannot excuse Hands's procedural default because he fails to establish cause and actual prejudice and does not argue that he is actually innocent. Although Hands does contend that his counsel provided him with ineffective assistance by failing to object to the prosecutorial and Government misconduct, his argument is without merit, *see infra* Part II.C, and is therefore insufficient to establish cause for his procedural default, *see Mikaljunas* 186 F.3d at 493. Accordingly, Hands's claims of Government and prosecutorial misconduct should be dismissed.

5

## C. Ineffective Assistance of Counsel

Hands claims that his sentence was imposed in violation of the Constitution because his appointed counsel's performance was so inadequate that it violated his right to counsel under the Sixth Amendment to the Constitution. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the assistance of counsel for his defense." U.S. Const. amend. VI. A defendant's right to assistance of counsel may be violated if his attorney fails to provide adequate legal assistance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right applies at all stages of a criminal proceeding, including sentencing. *Mempa v. Rhay*, 389 U.S. 128, 134 (1967); *United States v. Burkley*, 511 F.2d 47, 51 (4th Cir. 1975).

Hands asserts that his counsel violated his Sixth Amendment rights in three specific ways: (1) counsel engaged in stipulations with the Government without his knowledge or consent; (2) counsel failed to move to dismiss the indictment; and (3) counsel failed to object to the alleged prosecutorial and Government misconduct. He contends that but for his counsel's errors, he "would not have accepted the [G]overnment's plea offer and would have proceeded to trial." D.E. 188 at 4. The Government seeks dismissal of Hands's motion because he fails to state a claim upon which relief may be granted. After review, the court determines that Hands's ineffective assistance claims should be dismissed because he fails to show that he was prejudiced by his counsel's alleged actions.

In order to establish ineffective assistance of counsel, a petitioner must show "(1) that his attorney's performance 'fell below an objective standard of reasonableness' and (2) that he experienced prejudice as a result, meaning that there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United*

6

*States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984)). To establish such a claim with respect to a guilty plea, "a person must demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Fugit*, 703 F.3d at 259 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'Surmounting *Strickland's* high bar is never an easy task' in the guilty-plea setting." *United States v. Dyess*, 730 F.3d 354, 361 (4th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). "Thus, [the petitioner] must convince [the court] that the decision to go to trial 'would have been rational under the circumstances.'" *Id.* (quoting *Padilla*, 559 U.S. at 372). In this respect, a petitioner's "subjective preferences … are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all the facts." *Id.* at 361–62.

Here, if Hands proceeded to trial, he faced the prospect of spending the rest of his life in prison if he was convicted on all of the counts against him. For example, on Count 6, Hands was facing a maximum penalty of life in prison. D.E. 162 at 12:11–14. Similarly, the other four charges each carried a maximum penalty of either 10 years in prison (Count Seven) or 20 years in prison (Counts One, Four, and Five). *Id.* at 11:16–12:10, 12:20–21. However, if the Government established that Hands was an armed career offender, he faced a maximum term of life imprisonment for Count Seven. *Id.* at 13:1–5. The court informed Hands of these potential penalties shortly before he pled guilty. *Id.* at 11:8–13:14.

In contrast to his prospects if he were to proceed to trial, the plea agreement promised dismissal of Counts Four and Seven and recognized the possibility of a reduction in sentence. D.E. 139 at ¶¶ 5(a), 6(a). Specifically, the plea agreement contemplated a downward departure of

7

three levels for acceptance of responsibility. *Id.* ¶ 6(a). The PSR provided a three level reduction in the offense level for acceptance of responsibility. D.E. 150 at ¶ 71.

Additionally, the Government appeared to have substantial evidence establishing Hands's guilt on all five counts. Between January 31, 2011, and April 5, 2011, law enforcement conducted four controlled buys of heroin from Hands. *Id.* ¶¶ 11–12. After a controlled buy on February 15, 2011, law enforcement conducted a traffic stop of Hands's vehicle. *Id.* ¶ 12. A search of the vehicle revealed approximately three grams of crack cocaine; ten bags of heroin, each containing approximately 0.3 grams; and $1,200. *Id.* A subsequent search of Hands's residence revealed 250 bags of heroin, totaling 7.5 grams; 3.48 grams of crack cocaine; 1.1 grams of marijuana; a stolen .38 caliber revolver; a .22 caliber handgun; a bulletproof vest; and $16,388. *Id.*

In light of the substantial evidence, a decision to proceed to trial would not have been objectively reasonable. Therefore, Hands has not demonstrated "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Fugit*, 703 F.3d at 259. Having failed to establish that his counsel was ineffective, Hands is not entitled to relief on this claim and it should be dismissed.

### III. Conclusion

For the foregoing reasons, the undersigned recommends that the court deny Hands's Motion to Vacate (D.E. 177) and grant the Government's Motion to Dismiss (D.E. 183).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is,

make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: August 3, 2016

*Robert T Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE