IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CR-98-FL-1
NO. 7:15-CV-232-FL

| | |
|---|---|
| LEANDER SHERROD HANDS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 177), and the government's motion to dismiss, (DE 183), to which petitioner filed a response in opposition. Also before the court is petitioner's motion to unseal a government exhibit from the November 21, 2011, suppression hearing (DE 192). Pursuant to 28 U.S.C. § 636(b)(1)(B), the magistrate judge entered a memorandum and recommendation ("M&R") (DE 193), wherein it is recommended that the court deny petitioner's § 2255 motion and grant respondent's motion to dismiss. Petitioner timely filed objections to the M&R, and in this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court grants respondent's motion to dismiss.

**BACKGROUND**

On August 10, 2011, a grand jury indicted petitioner on five counts: Conspiracy to possess with the intent to distribute and distribute a quantity of heroin, in violation of 21 U.S.C. § 846 ("count one"); Distribution of a quantity of heroin, and aiding and abetting, in violation of 21 U.S.C.

§ 841(a)(1) and 18 U.S.C. § 2 ("count four"); Possession with intent to distribute a quantity of heroin and a quantity of cocaine base (crack), and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("count five"); Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) ("count six"); and Possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 ("count seven").

Petitioner filed a motion to suppress evidence obtained following a stop of his vehicle, and this court denied the motion after an evidentiary hearing conducted by a magistrate judge. Petitioner then entered into a conditional plea agreement with the government, agreeing to plead guilty to counts one, five, and six of the indictment. As part of his plea agreement, petitioner agreed to waive certain rights to appeal and file collateral motions:

> To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, . . . reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea. . . . Pursuant to Fed. R. Crim. P. 11(a)(2), the defendant's guilt[y] plea will be entered conditionally with the defendant reserving the right to appeal from the portion of the district court's October 15, 2012 decision in which it denied the defendant's motion to suppress the evidence obtained during the traffic stop and subsequent searches during and deriving from the stop.

(DE 138 at 1-2, 4).

Petitioner entered his conditional guilty plea, per the plea agreement, on January 16, 2013. This court sentenced him on April 5, 2013, to a combined imprisonment term of 300 months. He appealed the court's suppression order to the United States Court of Appeals for the Fourth Circuit and, on May 29, 2014, the Fourth Circuit affirmed this court's order in an unpublished decision. The

2

Supreme Court denied petitioner's request for certiorari on October 14, 2014. Petitioner timely filed the instant § 2255 motion.

Petitioner raises four grounds in his § 2255 motion. First, he contends that the "indictment should be dismissed due to prosecutorial misconduct" because, he alleges, the Assistant United States Attorney (AUSA) allowed the case agent to withhold information from the grand jury. (DE 177 at 4). Second, he contends that his prosecution should be "barred for [a] violation of due process" because, he alleges, certain information relevant to his case was not disclosed to him, and because the government threatened him with a life sentence if he went to trial. (DE 177 at 5). Third, he argues that the cumulative effect of the previous two contentions violated "fundamental fairness" and "shock[s] the universal sense of justice," violating his substantive rights. (DE 177 at 6). Fourth, he alleges that trial counsel was ineffective due to "stipulations she engaged in with the government without [his] consent or knowledge," and for failing to move dismiss the indictment. (DE 177 at 8).

Petitioner filed the instant motion to unseal government exhibit A on July 22, 2016.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th

3

Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Motion to Unseal

Petitioner moves to unseal materials "labeled as Government Exhibit A, at his Suppression Hearing, November 21, 2011," which he describes as "materials [DVD's/Video/disks]." Petitioner states that he has tried to retrieve these materials from the clerk of court, but was advised that they were "sealed" among other things. Based on the hearing exhibit list, the only video disk introduced as exhibit at such hearing was the government's exhibit "G7," described as a "CD of confidential informant and Juan Grady" (hereinafter, the "video"). (DE 70). The exhibit list (DE 70) presently is designated as a restricted access document in the court's docket. The video is described in the magistrate judge's M&R concerning the motion to suppress, (see DE 104 at 6-10, 18), the court's

4

order regarding the same (DE 125 at 4-5), and through testimony and live presentation at the suppression hearing (e.g., DE 78 at 64).

In light of the information provided in the hearing exhibit list, the court construes petitioner's motion in part as a motion to have the court unseal the video, which is the only audio/video disc admitted at the hearing held November 21, 2011, as well as the exhibit list. (See DE 70). In addition, the court construes the motion, in part, as a request for provision of a copy of such video at court or government expense.

With respect to that part of the instant motion seeking unsealing of the exhibit list and the video, to the extent either remain sealed on the court's record, the court DIRECTS the clerk to unseal or remove restricted designations on DE 70 and the exhibits referenced therein, including the video. Where the video is described in detail in the record, where it was played at the suppression hearing, and where this matter has been closed for more than two years, there is thus no basis apparent on the record for keeping DE 70 or the video sealed. Cf. Standing Order 09-SO-02 (providing two-year limitation on sealing of plea agreements and substantial assistance motions).

With respect to that part of petitioner's motion seeking to have the court or government provide him a copy of the video at government expense, the motion is denied. Petitioner has not demonstrated a need for provision of a copy of the video at government expense. The contents of the video are described sufficiently in the court's orders and in the hearing transcript. Although petitioner states generally that he seeks copies "for use in preparing a motion and amendment(s) under section § 2255," (DE 192), petitioner has not demonstrated that the video will be pertinent to any of his claims. Indeed, upon review of the video, the record, and petitioner's claims under § 2255, the court finds that the video is irrelevant to petitioner's claims.

5

Pursuant to 28 U.S.C. § 1914(b), however, the clerk may provide copies of court records and collect from a party such fees as are prescribed by the Judicial Conference of the United States for copies of court records. The cost for reproducing any record or paper is $.50 per page, such fee to be tendered to the clerk with any request for copies of court files directed to the clerk of court. The Judicial Conference schedule presently does not specify a cost for reproduction of a court hearing exhibit. Although the schedule specifies that the cost for reproduction of an "audio recording of a court proceeding" is $30, the schedule does not address other types of audio or video recordings. See 28 U.S.C. § 1914 ("Judicial Conference Schedule of Fees" effective June 1, 2016). Petitioner may request a copy of the video directly from the clerk of court, who may charge and collect fees commensurate with the cost of providing a copy thereof.

In sum, petitioner's motion to unseal (DE 192) is GRANTED IN PART and DENIED IN PART. That part seeking to unseal DE 70 and exhibits referenced therein is GRANTED. That part seeking provision by the court or government of a copy of the video at court or government expense, is DENIED.

C.     Motion to Vacate and Motion to Dismiss

Petitioner objects to the magistrate judge's determination that petitioner procedurally defaulted on his first three claims for relief, and that petitioner's fourth claim is without merit. Upon careful review of the M&R and the record, the court adopts and incorporates herein by reference the analysis in the M&R. The court writes separately to amplify the reasons for dismissal of petitioner's claims.

6

1. Prosecutorial Misconduct

Petitioner's arguments challenging the magistrate judge's procedural default determination are unavailing. For example, petitioner contends the waiver in his plea agreement is vague and permitted him to bring a claim for prosecutorial misconduct either on direct appeal or upon collateral review. This argument does not preclude application of procedural bar, however, because that rule bars claims on collateral review when a petitioner could have raised a claim on direct review. See Bousley v. United States, 523 U.S. 614, 622 (1998). Here, petitioner's plea agreement did not preclude petitioner from raising his claims of prosecutorial misconduct on direct appeal.

In addition to being procedurally defaulted, petitioner's claims of prosecutorial misconduct during grand jury proceedings and in advance of guilty plea are subject to dismissal due to petitioner's sworn representations at the plea hearing (DE 162 at 10-11, 14, 16-18). See Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005); United States v. Hefner, 842 F.2d 731, 733 (4th Cir. 1988). Moreover, petitioner's suggestion that the prosecution failed to disclose exculpatory evidence before the grand jury fails as a matter of law, where "the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge." United States v. Williams, 504 U.S. 36, 53 (1992). Likewise, petitioner's guilty plea precludes petitioner's claim that the government withheld evidence from him or threatened life in prison. See United States v. Moussaoui, 591 F.3d 263, 285-86 (4th Cir. 2010); Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978).

2. Ineffective Assistance of Counsel

Petitioner objects to the M&R on the basis that the magistrate judge addressed the prejudice prong of the claim without first addressing counsel was defective. As an initial matter, the court

7

need not address the deficient performance prong of an ineffective assistance of counsel claim if the prejudice prong is dispositive. See Strickland v. Washington, 466 U.S. 668, 697 (1984). Here, the prejudice prong is dispositive based on the case record, given the benefits flowing from a guilty plea and the risks of proceeding to trial in the face of evidence proffered by the government at plea. (DE 162 at 18-20).

In any event, the record does not reflect, and petitioner has not alleged, facts permitting a reasonable inference that counsel's performance in this case was deficient. For example, petitioner contends counsel engaged in stipulations with the government without his knowledge or consent. But, petitioner's plea agreement makes clear that the agreement is the full and complete record of the plea agreement and there are no other agreements between the parties. (DE 139 at 1). Petitioner also alleges that his counsel was ineffective for failing to move for dismissal of the indictment or object to the prosecutorial misconduct he alleges. For the reasons discussed previously, however, petitioner's claims of prosecutorial misconduct are without merit and thus counsel was not ineffective for not raising such arguments.

In sum, where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), the court must deny petitioner's § 2255 motion without evidentiary hearing.

D.   Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322,

8

Case 7:11-cr-00098-FL   Document 195   Filed 09/19/16   Page 8 of 9

336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing reasons, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the recommendation of the magistrate judge as set forth herein. The government's motion to dismiss (DE 183) is GRANTED, and petitioner's motion to vacate, set aside, or correct his sentence (DE 177) is DENIED. In addition, petitioner's motion to unseal (DE 192) is GRANTED IN PART and DENIED IN PART as set forth herein. A certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 19th day of September, 2016.

LOUISE W. FLANAGAN
United States District Judge